**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

TYLOR SHANE BLACK                                                                                          PLAINTIFF
ADC #145881

v.                                              NO. 1:11CV00081 JLH

JANA PINKSTON                                                                                              DEFENDANT

### ORDER

Plaintiff Tylor Shane Black, currently held at the Van Buren County Jail, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (docket entry #1), on September 26, 2011.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A (2006).  Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."   In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly*, 550 U.S. at 570.  However, a *pro se*

plaintiff's allegations must be construed liberally. *Burke v. N.D. Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## II. Analysis

According to Black's complaint, his probation was revoked when he was arrested on fleeing, disorderly conduct, and public intoxication charges. Black's claims that defendant Jana Pinkston, a Mountain View parole officer, offered false testimony in court, which resulted in him being required to serve a 60-month sentence at the Arkansas Department of Correction instead of 24 months in another facility.[1] Black was later found not guilty of the fleeing, disorderly conduct, and public intoxication charges, but still served almost a year in prison. Black seeks damages for the time he spent in prison, and to "drop his parole."

Black's only allegation against Pinkston is that she lied in court. Even if true, Black has failed to state a claim for relief. Witnesses, including government officials, are absolutely immune from damages liability based on their testimony. *Briscoe v. LaHue*, 460 U.S. 325 (1983). To the extent that Black is seeking to challenge the terms of his parole, he has made no allegation that Pinkston is responsible for the imposition of such terms, or that she has the authority to change them. Accordingly, Black's complaint must be dismissed for failure to state a claim upon which relief may be granted.

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Black's complaint is DISMISSED for failure to state a claim upon which relief may be granted.

---

[1] Plaintiff identifies the other facility only as "R.P.F."

2. Black's complaint is DISMISSED WITH PREJUDICE with respect to his claim for damages against defendant Jana Pinkston.

3. Black's complaint is DISMISSED WITHOUT PREJUDICE in all other respects.

4. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

5. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 9th day of November, 2011.

*J. Leon Holmes*
UNITED STATES DISTRICT JUDGE